UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11-cv-256-RJC

| CARL EDWARD WILEY, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER |
| GREGORY A. NEWMAN, NATHAN C. RAMSEY, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. (Doc. No. 1). The provisions of 28 U.S.C. § 1915A(a) direct the court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." Following this initial review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim for relief." Id. § 1915A(b)(1).

The Court has examined Plaintiff's Application to Proceed Without Prepayment of Fees or Costs and finds that it should be granted. (Doc. No. 1-1).

I.  **BACKGROUND**

Plaintiff names as defendants two individuals which Plaintiff identifies as his former defense counsel. (Doc. No. 1 at 2-3 ¶¶ 3, 4). Plaintiff contends, among other things, that the Defendants conspired to conceal evidence from the jury during his trial in state court, and that the Defendants acted in a fraudulent, reckless and negligent manner "in order to deprive plaintiff of his right to Due process of law and Equal protection of the law, which was deliberately

1

indifference to plaintiff's Constitutional Rights." (Id. at 1). Plaintiff asserts that the Defendants provided ineffective assistance of counsel at his trial and he maintains that this lawsuit is a proper action under 42 U.S.C. § 1983. (Id. at 2 ¶ 1).

On the whole, Plaintiff's allegations center on his belief that the Defendants assisted the prosecution in securing Plaintiff's illegal conviction through intentionally concealing evidence and otherwise failing to protect his constitutional rights. Plaintiff states that he has submitted a grievance challenging the Defendants alleged conduct to the North Carolina State Bar. (Id. at 11 ¶ 16).

In his prayer for relief, Plaintiff asks that the Court issue an injunction which would prohibit the Defendants from providing similar services to other criminal defendants, that the Court report the Defendants conduct to the North Carolina State Bar, that the Court award Plaintiff compensatory and punitive damages in the total amount of $500,000 and that the Court order a jury trial on the issues raised in his Complaint. (Id. at 13).

## II. STANDARD OF REVIEW

A case filed under Section 1983 may provide a plaintiff with relief if the plaintiff can prove that a person acting under color of state law deprived him of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim); Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 107-08, n.4 (1989) ("A claim based on a statutory violation is enforceable under § 1983 only when the statute creates 'rights, privileges, or immunities' in the particular plaintiff .").

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520

2

(1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.3d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff has named as Defendants individuals that are not proper parties in this Section 1983 action. Accordingly, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).[1]

Plaintiff's Complaint identifies the Defendants as private defense counsel that were appointed by the state court to represent him in a criminal trial. Plaintiff's claims against these defendants must fail because Plaintiff cannot maintain an action under Section 1983 against defense attorneys. No action will lie under Section 1983 against a defense attorney, whether privately retained, court-appointed, or a public defender, because defense attorneys do not act under color of state law when performing the traditional functions of counsel. See Polk Cnty. v. Dodson, 454 U.S. 312, 318 (1981) (explaining that it is well understood that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983", in the case of Polk Cnty., a public defender); see also Hall v. Quillen, 631 F.2d 1154 (4th Cir. 1980) (dismissal of § 1983 complaint affirmed where claims against court-appointed attorney lacked necessary "state action" requirement); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (affirming dismissal of § 1983 action against retained counsel).

---

[1] Claims that any of the defendants violated any rights he may have that are state rights, whether statutory or constitutional, are not cognizable in a Section 1983 claim. See generally Maine, supra, 448 U.S. 1 (holding Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights).

3

While Plaintiff does allege that the Defendants were acting under "color of state law," this is an allegation which is supported by no reasonable factual allegations. It is plain from Plaintiff's Complaint that he is alleging ineffective assistance of counsel and that he has already pursued an action against the Defendants before the North Carolina State Bar. For the foregoing reasons, Plaintiff's Complaint must be dismissed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 1-1), is **GRANTED** for the limited purpose of this initial review of his Complaint.

2. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

Signed: August 6, 2012

Robert J. Conrad, Jr.
Chief United States District Judge